STATE *ex rel.* KNOX, ATTORNEY-GENERAL *v.* LOCKYER.*

(Division A.    Jan. 18, 1926.)

[106 So. 748.'  No. 25477.]

TAXATION. *Rural lands forfeited for taxes, though surveyed into lots,*
*may be sold by commissioner.*
    Under Code 1906, section 2916 (Hemingway's Code, section 5251),
    rural land forfeited for taxes, though surveyed into lots, may be
    sold by state land commissioner; it being valuable only for
    its timber, or for pasturage or agriculture. ·

---

*Corpus Juris-Cyc References; Taxation 37 Cyc., pp. 1552, n. 55;
1553, n. 58.

APPEAL from chancery court of ·Harrison county.
HON. V. A. GRIFFITH, Chancellor.
    Suit by Wilfred S. Lockyer against the state of Mississippi.  Decree for complainant, and the state, by Rush
H. Knox, attorney-general, appeals.  Affirmed.

No brief for the state found in record.

*T. M. Evans,* for appellee.

    The answer filed by the attorney-general admits every-
thing except the right of the state land commissioner to
sell the land and issue a patent therefor.  The answer
asserts title to the property by the reason that said land
has been laid off into lots and blocks and platted, and
therefore, the state land commissioner had no authority
to issue a patent to the same and the patent under which
the complainant claims title is null and void.  So there
is only one question involved.
    The attorney-general asserts that *Huber* v. *Freret,* 103
So. 3, controls here.  This ruling of the court seemed
to have been based on the previous statement found in

the decision, to-wit: ''It is a matter of common knowl-
edge, of which the court will take judicial notice, that
urban business property is not ordinarily sold by the
acre at a price of so much per acre, but is sold in lots and
blocks and parts of lots and blocks, described by metes
and bounds in feet and inches; and that such property
located in a thriving municipality on one of its main
business thoroughfares, is worth very largely more
than rural timber, agricultural or pasture lands. To
authorize the valuation and sale of such lands the same
regulations as govern the valuation and sale of rural
timber, agricultural or pasture lands, we think, would be
unwise and unreasonable. We hold, therefore, that there
was no authority of law for the execution of the patent
involved in this case.''

We submit that the fact that land has been laid off
in lots and blocks for convenience of description would
not transform rural land, such as is commonly used for
timber and.pasture and agricultural purposes into urban
property, and, therefore, the state land commissioner and
the Governor had the same right to issue patents to land
of this character, described by lots and blocks as if it
had been described by acreage.

It would be a wise piece of legislation to require all
land sold by the acre or described otherwise by metes
and bounds, in less than government subdivisions, to
be platted into lots and blocks and the plat placed on rec-
ord, since it is almost impossible to assess acreage de-
scribed by metes and bounds on assessment rolls with
a sufficient definiteness to convey title. This being the
only question raised, we submit that the decree of the
chancery court confirming the title of Wilfred S. Lockyer
should be affirmed.

Argued orally by *T. M. Evans,* for appellee.

COOK, J., delivered the opinion of the court.

This is a proceeding to confirm appellee's title to lots one to thirty, inclusive, of block 3, of the West Seashore subdivision of section twenty-two, township eight south, range twelve west, Harrison county, Miss., containing approximately three and three-tenths acres.

The bill of complaint averred that prior to September 22, 1924, these lands were duly and legally sold to the state of Mississippi for taxes due and unpaid; that, on said date the state, acting through the state land commissioner, executed its patent conveying said land to George R. Smith for the consideration of twenty-one dollars and seventy-five cents, and thereafter the said George R. Smith, by warranty deed, conveyed the land to the appellee. The bill further averred that, while said land was laid off in lots and blocks as city property is usually platted, in truth and fact the land was not urban, but was rural land, capable of being used only for agricultural or pasture purposes, or for the timber thereon, and that it is such land as is ordinarily bought and sold by the acre, but it had been laid off into lots and blocks for convenience in description only.

The attorney-general filed an answer on behalf of the state, which admitted all the facts averred in the bill of complaint, but asserted that the patent under which the appellee claimed title was void for the reason that the state land commissioner had no authority to sell land which had been laid off and platted into lots and blocks. The chancellor entered a decree confirming appellee's title, and from this decree the attorney-general prosecuted this appeal.

Section 2912, Code of 1906 (section 5247, Hemingway's Code), authorizes the state land commissioner to sell the swamp and overflowed lands belonging to the state at a minimum price of one dollar and twenty-five cents per acre, unless the governor and land commissioner deem any of said lands to be worth more than said sum, in

which event it is made their duty to fix the price of such of said lands at what they believe the interest of the state to require. Section 2916, Code of 1906 (section 5251, Hemingway's Code), authorizes the land commissioner to sell the tax lands at the same price as the swamp and overflowed lands, subject to be fixed in the same manner and under like regulations. Under the latter section the right of the land commissioner to sell lands forfeited to the state for taxes, provided the lands have not been platted into lots and blocks and the rate is made on an acreage basis, is unquestioned, and, while the attorney-general has filed no brief in this case, we presume the contention that the land commissioner has no authority to sell rural tax lands which have been subdivided into lots and blocks is based upon the holding of this court in the case of *Huber* v. *Freret et al.* (Miss.), 103 So. 3, that "under section 2919, Code of 1906 (section 5254, Hemingway's Code), construed in connection with the entire Code chapter on public lands, the land commissioner is given no authority to issue a patent to urban public lands belonging to the state," which have been surveyed into lots for business purposes.

This case, however, does not support the contention that the land commissioner has no authority to sell rural lands belonging to the state which have been surveyed into lots, but, on the contrary, it was said in that case that, in providing for the sale of public lands, "it was the purpose of the legislature to deal alone with those public lands which are usually bought and sold by acreage—in other words, property commonly known as rural lands, lands valuable for their timber or pasturage, or for agriculture." That the land involved in the case at bar is rural land, valuable only for its timber, or for pasturage or agriculture, is established by the pleadings. It was sold at a price largely in excess of the minimum acreage price fixed by statute, and the patent executed by the land commissioner conveyed to the purchaser a good title to this land.

As to whether or not the doctrine of the *Huber case*, *supra*, prohibits the sale by the land commissioner of all urban land which has been surveyed and divided into lots and blocks, we are not here called upon to decide, but it may be noted that the holding in that case is expressly limited to the right to sell "urban business lots."

The decree of the court below will be affirmed.

*Affirmed.*