JENKINS *v.* BERNARD.[*]

(Division B. Nov. 14, 1927.)

[114 So. 488. No. 26661.]

PUBLIC LANDS. *Land commissioner could not convey title to urban property divided into lots; it being conclusively presumed to have value above rural property (Hemingway's Code 1927, section 6084).*

Under Hemingway's Code 1927, section 6084 (Code 1906, section 2916), land commissioner could not convey state's title to urban property, which had been divided into lots, blocks, and streets, since urban property, surveyed and mapped into usual subdivisions, is conclusively presumed to have value above that of rural property.

*Corpus Juris-Cyc. References: Public Lands, 32Cyc, p. 1098, n. 39.

APPEAL from chancery court of Harrison county.
HON. V. A. GRIFFITH, Chancellor.
Suit by Ira Jenkins against Amelia S. Bernard. From a decree dismissing complainant's bill, complainant appeals. Affirmed.

*W. T. Moore,* for appellant.

Appellee relied on *Huber* v. *Freret,* 103 So. 3-5. In *State ex rel. Knox* v. *Lockyer,* 106 So. 748-749, this court held that the land commissioner had authority to sell rural lands platted into lots and blocks valuable only for its timber, pasturage or agriculture, and further said: "As to whether or not the doctrine of the Huber case, prohibits the sale by the land commissioner of all urban land which has been surveyed and divided into lots and blocks, we are not here called upon to decide, but it may be noted that the holding in that case is expressly limited to the right to sell 'urban business lots.'"

It is therefore evident from the holding in these two cases that it was not the intention of this court to hold that the mere platting of lands into lots and blocks, whether urban or rural, precluded the land commissioner from selling same, but the physical character and use that controlled.

Appellant contends that the Huber case does not cover the case at bar, the testimony failing to show that the lot in question is an "urban business lot."

The case at bar does not fall within the rule of either case. It seems to fall within a class midway between the kind of property dealt with in the Huber case and that dealt with in the Lockyer case. The class of property before the court is an urban lot, not suitable for business purposes, unoccupied and unused, on the edge of a swamp and covered with trees, shrubbery and the like, and within an urban residential district and not valuable for timber, agriculture or pasturage, having an area of one-tenth of an acre, and not commonly sold as acreage but by the lot.

The question for the court in its last analysis is whether the legislature under chapter 77, Code 1906, intended to limit the class of lands that could be sold by the land commissioner to such lands as are usually sold by acreage. Appellant contends that such was not the case.

Under section 2905, Code 1906 (section 5240, Hemingway's Code 1917) it was expressly provided that the land commissioner could sell all of the lands forfeited to the state for taxes. No exception is made except as to the Choctaw School lands. There can be no question as to the power to sell, the only question remaining is the manner of sale. Section 2906, Code 1906 (section 5241, Hemingway's Code 1917) and succeeding sections provide the manner and terms of sale.

It is therefore manifest, from the reading of all of the sections referred to, that the land commissioner could sell tax lands, at a price less than one dollar and twenty-five cents per acre in the discretion of the Governor and land commissioner, or could as in the case of swamp and overflowed lands sell tax lands for more than one dollar and twenty-five cents per acre, if the Governor and the land commissioner deem any of said lands to be worth more than that sum.

Having provided that the land commissioner could sell, and fix the price of tax lands, the question remains by what description he could sell. On this point the statute

is perhaps ambiguous. If the land commissioner could sell one acre of land, he could sell any number of acres, or any part of an acre, and if he could sell any part of an acre he could sell one-tenth of an acre, no matter whether it was described as "one-tenth of an acre," or described by metes and bounds, feet and inches, or lots and blocks, as for instance "Lot 36, Block 20, Soria City Addition," so long as the price would average the minimum of one dollar and twenty-five cents per acre, computing the area.

Where the meaning of a statute is ambiguous, resort may be had to the real purpose and intention of the legislature in adopting the Statute, which when ascertained the court will give effect to, even though the letter of the Statute be violated. See *Kemper* v. *Hemingway,* 17 So. 809; *Bonds* v. *Greer,* 56 Miss. 70; *Learned* v. *Corley,* 43 Miss. 687; *Adams* v. *Y. & M. V. R. R. Co.,* 75 Miss. 275; *Huber* v. *Feret,* 103 So. 3-5.

Would it be reasonable to suppose that the legislature after providing that the land commissioner should sell tax lands, in fact all of the public lands of the state, except Choctaw School Lands, would intend that he should sell only such lands as are usually bought and sold by the acre and as are suitable for timber, agricultural or pasturage? The appellant respectfully submits that this is not reasonable. To do so would be to impute to the legislature an unwise and unjust purpose, when a reasonable construction would save the statute from such imputation, and particularly so when it would not require the court to go beyond the strict letter of the law.

The appellant believes that what the court meant in the Huber case was that where a forty-foot lot, on the main business street, of the Capital City of the state, was sold by the land commissioner for one dollar, it was on its face so unjust and unwise and was such an inadequate price and so contrary to the interest of the state, as to justify its course in that case. Can the

same be said in this case, of a twenty-five-foot by one hundred-fifty-foot lot, in the edge of a swamp, un-improved, unused, sold for the sum of fifty dollars by the land commissioner?

The appellant respectfully submits that such was not the intention of the legislature, and that the decree of the lower court should be reversed.

*R. C. Cowan,* for appellee.

Appellee relies upon the case of *Huber* v. *Freret,* 103 So. 3-5. Appellant seeks to avoid the force of the opin-ion in the above case by insisting that the principal and pronouncement of the limitation on the authority of the land commissioner as there stated only applied to ''urban business lots.'' Certainly there can be no distinction in principal between residential and busi-ness property. As we understand it the court referred to business property in its opinion for the very simple reason that it was then dealing with a case which in-volved business property.

With respect to the holding of this court in the case of *State ex rel. Knox* v. *Lockyer,* 106 So. 748-749, we submit that the size of this lot and its location within the city of Gulfport makes the point involved in that case not applicable.

The finding of fact by the chancellor and his decree thereunder is entirely in line with the law as laid down in the foregoing cited cases and is absolutely sound.

We respectfully submit that the appellant's title must fail and this case should be affirmed.

ANDERSON, J., delivered the opinion of the court.

The appellant filed his bill in the chancery court of Harrison county against appellee, for the confirmation of appellant's alleged tax title to ''lot 36, in block 20, Soria City addition, of the city of Gulfport.'' There

was a hearing on bill, answer, and proofs, resulting in a decree dismissing appellant's bill, and from that decree appellant prosecutes this appeal.

Appellant received a patent from the state to the lot involved on February 10, 1920, the patent having been issued by the land commissioner claiming authority therefor under section 2916, Code 1906 (section 6084, Hemingway's 1927 Code). The lot is situated within the corporate limits of the city of Gulfport, and is located in a section of the city which is divided up into lots, blocks, and streets, and used as a negro residential section.

The property involved in *Huber* v. *Freret*, 138 Miss. 238, 103 So. 3, was situated within the corporate limits of Jackson, and fit alone for business purposes. The court held that, under section 2912, Code of 1906 (section 6080, Hemingway's 1927 Code), the land commissioner had no authority to convey the state's title to the lot; that it was not the purpose of the statute to deal with urban business property surveyed and divided into lots and blocks; that it was the purpose of the legislature to deal alone with those public lands which are usually bought and sold by acreage, land commonly known as rural lands, valuable for their timber or pasturage or for agriculture. The land involved in the case of *Knox, Attorney-General, v. Lockyer*, 140 Miss. 808, 106 So. 748, was not situated within the corporate limits of any municipality. The land of which the block there involved was a part, it is true, had been surveyed into lots and blocks, but it was rural, not urban, property, and was valuable only for other than urban purposes. It was held, under the statute referred to, that the land commissioner could convey the state's title to the block involved. It will be seen, therefore, that in neither of those cases was the question whether under the statute the land commissioner had the right to convey the state's title to any urban property, which had been divided into lots, blocks, and streets, decided. But we

decide the question now, and hold that urban property surveyed and mapped into the usual subdivisions is conclusively presumed to have a value above that of rural property. It follows, therefore, that the decree appealed from will be affirmed.

*Affirmed.*