STATE *ex rel.* KNOX, ATTORNEY-GENERAL, *v.* MILLER *et al.**

(Division A.    Dec. 5, 1927.    Suggestion of Error Overruled Jan. 16, 1928.)

[115 So. 42.    No. 26667.]

APPEAL from chancery court of Harrison county.
HON. V. A. GRIFFITH, Chancellor.

*J. F. Galloway* and *E. C. Sharp,* for appellee.

The facts bring this case squarely under the doctrine announced by this court in *Huber* v. *Freret,* 138 Miss. 238, 103 So. 3; *State* v. *Lockyer,* 106 So. 748; *Hart* v. *Backstrom,* 113 So. 898.

*Deavours & Hilbun, O. J. Dedeaux, Ford, White, Graham & Gautier* and *Gardner, Brown & Morse,* for appellees.

The doctrine announced in *Huber* v. *Freret et al.,* has no application whatever to this case.    In the Huber case the property involved was a small business lot in the city of Jackson facing Capital street with a width of only forty feet and running back a short distance.    The lot of land in that case was in the very heart and center of the capital city of the state.    The lot was purely and exclusively suitable for and used for business purposes.    It could not be used for any other purpose.    The court held in the Huber case "that it was not the purpose of the legislature to deal with urban business property, surveyed and divided into blocks and lots."    In *State ex rel.* v. *Lockyer,* the court materially modified the doctrine announced in the *Huber* v. *Freret case,* and held that rural

lands though surveyed into lots may be sold by the State Land Commissioner. In *Hart* v. *Backstrom,* mention is made in the agreed statement of facts in that case, that the land involved was situated in the town of Lucedale, and in the residential section of said town, and one block south of the courthouse of said county, and at a distance of only two hundred thirty-five feet from the courthouse and that the land consisted of less than one acre. But the Hart-Backstrom case went off in the decision on another proposition and it is only incidentally mentioned that the patent may have been void under the decision in the case of *Huber* v. *Freret.* But none of these cases have any application to the case at bar. In the cases at bar the tract of land involved comprises more than nine acres. It was more than a mile from the business section of the town of Long Beach. It was a solid parcel, before the sale, of three hundred fifty-one feet one way by eleven hundred thirty feet the other way. There were two or three old houses on the land, but they appear to have been located in reference to the beach and not in reference to the location of any lots or blocks in the land itself. The sale that was made by the land commissioner in the cases at bar, was for a price greatly in excess of one dollar and twenty-five cents per acre. Therefore no point can be made on the price per acre paid for the lands. It is true that the front of the property along the beach was desirable for residential property, but as a farm of one hundred sixty acres situated twenty miles from a railroad and twenty miles from any municipality may be very valuable because there is located on it a very desirable building place of three or four or eight or ten acres. It is the body of the land, the size of the tracts, as we infer, that the law has reference to rather than to the value of the tracts. Nobody ever heard tell of business lots and blocks in any town in the state of Mississippi comprising as much as nine acres of land. So we submit that the doctrine in the case of *Huber* v. *Freret,*

Sept., 1927] Drain. Dist. *v.* Y. & M. V. R. Co. 31

149 Miss.] Opinion of the Court.

*supra,* has no application to the lands involved in these cases nor to the sale made in these cases.

SMITH, C. J., delivered the opinion of the court.

The decree in the escheat proceeding did not direct the land commissioner to sell the land here in question, but simply granted him "sixty days within which to exercise his statutory power as land commissioner to sell such real estate or any part thereof;" consequently, the existence of a statutory power in the land commissioner to sell the land was not foreclosed thereby, and is here open for consideration.

The land consists of city lots, valuable chiefly for urban and not rural purposes. The case is therefore ruled by *Huber* v. *Freret,* 138 Miss. 238, 103 So. 3, and *Jenkins* v. *Bernard* (No. 26661), recently decided by Division B on November 14, 1927, 114 So. 488, but not yet [officially] reported. The original lot was larger than the usual run of city lots, but any objection on that score, if such there could be, to the case coming within the rule announced in *Huber* v. *Freret, supra,* was removed by the division of the original lot into four others before the sale thereof by the land commissioner.

*Reversed and remanded.*