CRANFORD *et al. v.* STATE *ex rel.* KNOX, ATTORNEY-GENERAL.

(Division A. Jan. 5, 1931.)

[131 So. 638. No. 29014.]

**Deavours & Hilbun,** of Laurel, and **Hughes & Nobles,** of Jackson, for appellants.

Gardner, Brown & Backstrom, of Gulfport, for appellee.

**Cook, J.,** delivered the opinion of the court.

Prior to 1922, by a proper proceeding instituted therefor, certain lands located in a municipality in Harrison county, Mississippi, were escheated to the state. In the final decree in that proceeding it was provided that this land should be surveyed and platted into lots, and a lien was impressed thereon for the payment of certain attorney's fees and expenses incurred in the proceeding. It was further provided that in the event the land commissioner did not within sixty days exercise his statutory authority to sell these lands, and pay out of the proceeds of sale these fees and expenses, then the chancery clerk, as commissioner, should sell the same for the purpose of paying these fees. These attorney's fees and

costs were satisfied without a sale of the land for that purpose, and on November 1, 1922, for a consideration of five thousand dollars, the land commissioner sold lots three and four of said land to Dr. R. H. Cranford, and issued to him a patent conveying the land; and on March 23, 1923, for a consideration of five thousand dollars, he sold lots 1 and 2 of said land to C. J. Miller, and conveyed the same to him by patent. Thereafter, by mesne conveyances, lot 2 and a part of lot 1 were conveyed to V. A. Anderson and W. W. Weatherly.

On July 25, 1923, suits were filed in the chancery court of Harrison county by the state of Mississippi, on relation of the attorney-general, against the said Cranford and Miller, and their successors in title, including V. A. Anderson and W. W. Weatherly, seeking to cancel the patents issued to Cranford and Miller, on the ground, among others, that the land commissioner was without power to sell said land and issue patents therefor, because the land in question consisted of city lots, valuable chiefly for urban purposes. These two suits were consolidated and heard upon pleadings and evidence submitted by the parties; and a decree was entered denying the relief prayed for and dismissing the bills of complaint. On appeal to this court it was held that the existence of a statutory power in the land commissioner to sell the land was not foreclosed by the decree in the escheat proceedings, and that since the land consisted of city lots, valuable chiefly for urban and not rural purposes, under the authority of Huber v. Freret, 138 Miss. 238, 103 So. 3, the land commissioner had no authority to sell, and issue patents for, such public lands, and the decree of the court below was reversed, and the cause remanded generally. State ex rel. Knox v. Miller, 149 Miss. 29, 115 So. 42.

On March 10, 1926, the legislature enacted chapter 185, Laws of 1926, authorizing the state land commissioner,

under certain circumstances, to sell lands owned by the state in municipalities, which had been subdivided into lots, blocks, divisions, or otherwise, and escheat to the state by such description, and providing a method of fixing a price therefor, and also providing that such lands already attempted to be sold by the land commissioner might be conveyed to the original holder of such patent, or his vendees, at such price as the governor, attorney-general, and land commissioner might fix. Section 2 of this act provides, in part, as follows:

"All sales of such lands situated within municipalities, which lands have heretofore escheated to or title thereto become vested in the state, and which have been sold by the land commissioner of the state at a fair and reasonable price not less than that prescribed for the swamp and overflowed lands, may be conveyed to the original holder of the patents, or if he has sold same to his vendee at such reasonable price as the state land commissioner, the governor, and the attorney-general shall fix, and such purchaser shall be allowed as credit on such price the amount heretofore paid therefor, with six per cent (6%) interest, compounded annually, on the same, not to exceed the present value as fixed by such officers. And no land heretofore sold, or attempted to be sold, shall be sold until notice by registered mail is given to the original buyer, or his vendee, if his post office address is known, and within a period of thirty days after the mailing of such notice. Such notice shall inform such buyer or his vendee of his rights hereunder. . . . No deed shall be made to such buyer or his vendee until such person shall make affidavit that he bought the same in good faith and has not since sold his interest therein. Provided nothing in this act shall be construed to in any wise affect any litigation now pending with reference to or concerning any land in which the state may have or claim title."

After the enactment of this statute, and while this suit was still pending, in pursuance of the said statute, the state land commissioner, on the 20th day of February, 1929, for a recited consideration of one dollar, issued to R. H. Cranford and C. J. Miller patents conveying to them the same lands attempted to be conveyed, and which were described, in the former patents, these patents reciting on the face thereof that they were issued under the said chapter 185, Laws of 1926, and were in addition to the former patents issued by the state to Cranford and Miller.

Thereafter, on March 4, 1929, but before the two patents last above-mentioned were filed for record in the chancery clerk's office of Harrison county, V. A. Anderson and W. W. Weatherly, original defendants in this suit, who had filed answers therein, obtained leave of the court to file, and filed, a cross-bill against R. H. Cranford and C. J. Miller, and certain intervening vendors in the chain of title, by which a portion of the lands involved were attempted to be conveyed to the cross-complainants, to recover for a breach of warranty of the title of the land attempted to be conveyed to them; the charges of the cross-bill being, in substance, that the cross-complainants, appellees herein, were the owners of certain of the lands attempted to be conveyed by the said original patents issued by the state to Cranford and Miller on November 1, 1922, and March 23, 1923; that the patents were void, and the property attempted to be conveyed therefore remained the property of the state; and consequently their title, acquired through mesne conveyances from Cranford and Miller, had failed; and that they were entitled to recover from their several grantors, among whom were these appellants, the pro rata part of the consideration for which the grantors were liable. Thereafter the appellants and the other cross-defendants answered the cross-bill, and in substance denied the

alleged failure of title; denied that appellees were evicted from said lands, or disturbed in their possession thereof; and denied that there was a breach of warranty entitling appellees to recover from them. In this answer, in addition to the original patents issued to them by the state, the appellants, in support of their title, set up the two additional patents issued to them by the state under date of February 20, 1929, by virtue of the above-mentioned statute, conveying the same property as was conveyed in the original patents.

At the beginning of the trial of the case in the court below, counsel for the state submitted a consent decree, agreed to by counsel representing the state and the appellants, awarding the state a recovery of three thousand two hundred thirty-five dollars and ninety-five cents for rent and past-due taxes, and one thousand five hundred dollars attorney's fees, and fixing a lien on all the lands conveyed by the aforesaid patents for the payments of these amounts; and appointing a commissioner to sell the lands for the payment thereof. The appellees objected to the signing of this decree, and the chancellor declined to sign it; and thereupon the trial proceeded, and at the conclusion thereof, upon the evidence offered by the respective parties, the chancellor entered a decree, holding that the original patents issued to Cranford and Miller in 1922 and 1923, respectively, and the subsequent patents issued to them on February 20, 1929, were void, and that there had been a total failure of the title attempted to be conveyed to appellees by appellants; that the several defendants to the original bill, including appellees, were liable to the state of Mississippi for the reasonable rental value of the land while it was in their possession, and fixing the amount thereof due to the state by the respective parties, and awarding to appellees a recovery of the amount of the consideration paid and agreed to be paid by them, and fixing the liability of the respective cross-defendants therefor, and decreeing that appellees and

appellants were not liable among themselves for an accounting for rents, profits, and expenditures received or made by them while the property was in their possession; and from that decree this appeal was prosecuted.

Upon the former appeal of this cause the original patents issued to appellants, Cranford and Miller, were held to be void, and since the title to this land remained in the state, the covenants of warranty in the subsequent deed attempting to convey these lands were broken as soon as made, and a right of action accrued thereon, and consequently this cause of action must be affirmed if the court below was correct in holding that the subsequent patents issued to Cranford and Miller under and by virtue of the provisions of chapter 185 of the Laws of 1926 are void. The appellees contend that the patents issued under the act of 1926 are void because of the proviso, or savings clause, in favor of the state, contained in the act, this proviso or savings clause being in the following language: "Provided nothing in this act shall be construed to in any wise affect any litigation now pending with reference to or concerning any land in which the state may have or claim title." Section 2.

At the time of the enactment of chapter 185 of the Laws of 1926, this cause was pending in the court below. Thereafter a decree was entered, dismissing the state's bill of complaint, and upon appeal to this court that decree was reversed and the cause was remanded for a new trial, the court holding that the patents which the state was seeking to have canceled were void. Thereafter, and while the cause was still pending in the court below, these additional patents were issued under said chapter 185 of the Laws of 1926. If this act is construed as authorizing the issuance of these patents, the status of this litigation, as then pending in the court below, was manifestly very materially affected thereby; in fact, the litigation was thereby effectually defeated and ended

with the exception of an accounting for the rents accrued and expenses incurred.

In the passage of this act expressly authorizing, for the first time, the sale of public lands situated within municipalities, and which had been subdivided into lots and blocks for business purposes, and were valuable chiefly for urban purposes, and giving the holders of invalid patents to such lands, issued prior to that date, a prior right to purchase the lands so previously attempted to be conveyed, the legislature expressly provided that nothing in the act should be construed to in any wise affect any litigation then pending with reference to, or concerning, any lands in which the state had, or claimed, title. To now hold that this act authorized the sale and the issuance of a patent to the original patentee, or other person, conveying the lands in which the state had, or claimed, title, and which was then involved in pending litigation which would be materially and vitally affected by the issuance of such patents, would be in direct contravention of this provision of the act. The act conferred no authority for the issuance of the patents in question, and we must therefore hold that they are invalid. The decree of the court below will therefore be affirmed. Affirmed.